UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVAN SOTO,<br><br>    Plaintiff,<br><br>v.<br><br>JILI PROPERTY MANAGEMENT, LLC,<br>RYAN KINSER, individually, and<br>DONALD WOODRUFF, individually,<br><br>    Defendant. | Index No. 1:25-cv-3934<br><br>**ANSWER TO COMPLAINT** |

Defendants JILI Property Management ("JILI"), LLC, Ryan Kinser ("Kinser"), and Donald Woodruff ("Woodruff) (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby submits their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") as follows:

**INTRODUCTION**

1. Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to invoke the protections of Title VII of the Civil Rights Act of 1964, the Administrative Code of the City of New York and the laws of the State of New York.

**JURISDICTION AND VENUE**

2. The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required.

3. The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Deny the allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint are legal conclusions to which no

response is required.

7. Admit the allegations in Paragraph 7 of the Complaint, except deny knowledge or information sufficient to form a belief as to date Plaintiff submitted a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

8. Admit the allegations in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the complaint, except admit that Plaintiff commenced this action within 90 days of the date of the EEOC's Notice of Right to Sue.

10. Deny the allegations in Paragraph 10 of the Complaint, except admit that venue is proper in the Southern District of New York.

## PARTIES

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Admit the allegations in Paragraph 12 of the Complaint.

13. Deny the allegations in Paragraph 13 of the Complaint, except to state that Kinser is a homosexual male who resides in the State of New York.

14. Admit the allegations in Paragraph 14 of the Complaint.

15. Admit the allegations in Paragraph 15 of the Complaint.

16. Admit the allegations in Paragraph 16 of the Complaint.

17. Deny the allegations in Paragraph 17 of the Complaint, except to state that JILI employed Woodruff as Building Super, Residential Manager at the Torre House beginning in February of 2024.

18. Deny the allegations in Paragraph 18 of the Complaint, except to admit that Woodruff became Plaintiff's supervisor in May 2024 when Plaintiff began working at the Torre

House.

19. The allegations in Paragraph 19 of the Complaint are legal conclusions to which no response is required.

20. Admit the allegations in Paragraph 20 of the Complaint.

## MATERIAL FACTS

21. Deny the allegations in Paragraph 21 of the Complaint, except to admit that on November 14, 2019, JILI hired Plaintiff as a full-time employee (Concierge/Doorman) of the Porter House Condominium.

22. Deny the allegations in Paragraph 22 of the Complaint, except to state that Plaintiff began his employment with the Porter House (not JILI), which was located at 66 Ninth Avenue, New York, New York 10011.

23. Deny the allegations in Paragraph 23 of the Complaint, except to admit that at the request of Plaintiff, JILI hired Plaintiff on May 24, 2024 as a Concierge/Doorman at the Torre House located at 124 Columbia Heights.

24. Admit the allegations in Paragraph 24 of the Complaint.

25. Deny the allegations in Paragraph 25 of the Complaint.

26. Deny the allegations in Paragraph 26 of the Complaint, except to admit that on November 7, 2024 Plaintiff emailed Kinser and state that the allegations in Paragraph 26 of the Complaint refer to a written document which speaks for itself.

27. Deny the allegations in Paragraph 27 of the Complaint.

28. Deny the allegations in Paragraph 29 of the Complaint.

29. Deny the allegations in Paragraph 28 of the Complaint, except to admit that after business hours on November 9, 2024 Plaintiff texted Kinser and state that the allegations in Paragraph 28 of the Complaint refer to a written document which speaks for itself.

30. Deny the allegations in Paragraph 30 of the Complaint.

31. Deny the allegations in Paragraph 31 of the Complaint, except to admit that on November 11, 2024, Plaintiff emailed Kinser and state that the allegations in Paragraph 31 of the Complaint refer to a written document which speaks for itself.

32. Deny the allegations in Paragraph 32 of the Complaint, except to admit that Ryan Kinser met with Plaintiff in person on November 16, 2024, in the presence of Donald Woodruff and Herbie Gill, former JILI Operations Manager to discuss Plaintiff's work-related issues.

33. Deny the allegations in Paragraph 33 of the Complaint.

34. Deny the allegations in Paragraph 34 of the Complaint.

35. Deny the allegations in Paragraph 35 of the Complaint, except to admit that Plaintiff was terminated on November 19, 2024.

36. Deny the allegations in Paragraph 36 of the Complaint.

37. Deny the allegations in Paragraph 37 of the Complaint.

38. Deny the allegations in Paragraph 38 of the Complaint.

39. Deny the allegations in Paragraph 39 of the Complaint.

40. Deny the allegations in Paragraph 40 of the Complaint.

41. Deny the allegations in Paragraph 41 of the Complaint.

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(AGAINST DEFENDANT JILI)**

42. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. The allegations in Paragraph 43 of the Complaint are legal conclusions to which no response is required.

44. Deny the allegations in Paragraph 44 of the Complaint.

45. Deny the allegations in Paragraph 45 of the Complaint.

46. Deny the allegations in Paragraph 46 of the Complaint.

## SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII
## (AGAINST DEFENDANT JILI)

47. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. The allegations in Paragraph 48 of the Complaint are legal conclusions to which no response is required.

49. Deny the allegations in Paragraph 49 of the Complaint.

50. Deny the allegations in Paragraph 50 of the Complaint.

## THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

51. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. The allegations in Paragraph 52 of the Complaint are legal conclusions to which no response is required.

53. Deny the allegations in Paragraph 53 of the Complaint.

54. Deny the allegations in Paragraph 54 of the Complaint.

55. Deny the allegations in Paragraph 55 of the Complaint.

56. Deny the allegations in Paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

57. Defendants repeat and reallege each and every response to the allegations contained

in Paragraphs 1 through 56 with the same force and effect as if fully set forth herein.

58. The allegations in Paragraph 58 of the Complaint are legal conclusions to which no response is required.

59. Deny the allegations in Paragraph 59 of the Complaint.

60. Deny the allegations in Paragraph 60 of the Complaint.

**FIFTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

61. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 60 with the same force and effect as if fully set forth herein.

62. The allegations in Paragraph 62 of the Complaint are legal conclusions to which no response is required.

63. Deny the allegations in Paragraph 63 of the Complaint.

64. Deny the allegations in Paragraph 64 of the Complaint.

**SIXTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

65. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 64 with the same force and effect as if fully set forth herein.

66. The allegations in Paragraph 66 of the Complaint are legal conclusions to which no response is required.

67. Deny the allegations in Paragraph 67 of the Complaint.

68. Deny the allegations in Paragraph 68 of the Complaint.

69. Deny the allegations in Paragraph 69 of the Complaint.

### SEVENTH CAUSE OF ACTION
### RETALIATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

70. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 69 with the same force and effect as if fully set forth herein.

71. The allegations in Paragraph 71 of the Complaint are legal conclusions to which no response is required.

72. Deny the allegations in Paragraph 72 of the Complaint.

73. Deny the allegations in Paragraph 73 of the Complaint.

### EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

74. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 73 with the same force and effect as if fully set forth herein.

75. The allegations in Paragraph 75 of the Complaint are legal conclusions to which no response is required.

76. Deny the allegations in Paragraph 76 of the Complaint.

77. Deny the allegations in Paragraph 77 of the Complaint.

### NINTH CAUSE OF ACTION
### DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

78. Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 77 with the same force and effect as if fully set forth herein.

79. The allegations in Paragraph 79 of the Complaint are legal conclusions to which no response is required.

80. Deny the allegations in Paragraph 80 of the Complaint.

### TENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

81.  Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 80 with the same force and effect as if fully set forth herein.

82.  The allegations in Paragraph 82 of the Complaint are legal conclusions to which no response is required.

83.  Deny the allegations in Paragraph 83 of the Complaint.

### ELEVENTH CAUSE OF ACTION
### FOR ASSAULT AND BATTERY
### (AGAINST DEFENDANT WOODRUFF)

84.  Defendants repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 83 with the same force and effect as if fully set forth herein.

85.  The allegations in Paragraph 85 of the Complaint are legal conclusions to which no response is required.

86.  Deny the allegations in Paragraph 86 of the Complaint.

87.  Deny the allegations in Paragraph 87 of the Complaint.

88.  Deny the allegations in Paragraph 88 of the Complaint.

Defendants deny that Plaintiff is entitled to a judgment or any of the other requested relief set forth in the "WHEREFORE" portion of the Complaint.

### RESPONSE TO JURY DEMAND

Defendants admit that Plaintiff requests a jury trial.

### GENERAL DENIAL

Any allegation not expressly admitted herein is denied.

### AS AND FOR DEFENDANTS' DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined

8

in Rule 8 of the Federal Rules of Civil Procedure, without assuming any burden of proof that they do not have as a matter of law.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

To the extent Plaintiff raises claims that are barred by the applicable statute of limitations, some or all of Plaintiff's claims must be dismissed.

## THIRD DEFENSE

Defendants' actions regarding Plaintiff were at all times taken for legitimate non-discriminatory and non-retaliatory reasons and were made in good faith and in compliance with all applicable laws, without malice, and wholly without regard to Plaintiff's alleged protected class, status, or purported activity.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent his claims exceed the scope of any administrative charge filed.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, after-acquired evidence, waiver, and/or laches.

## SIXTH DEFENSE

Plaintiff's injuries, suffering, and damages, if any, were proximately or legally caused by his own conduct.

## SEVENTH DEFENSE

Defendants engaged in good faith efforts to prevent and correct unlawful discrimination, and retaliation, and to comply with the applicable anti-discrimination and anti-retaliation laws.

**EIGHTH DEFENSE**

Defendants did not know, nor should have known, of any discriminatory, or retaliatory conduct and, thus, did not fail to take immediate and appropriate corrective actions.

**NINTH DEFENSE**

If Plaintiff suffered any physical injuries and/or emotional distress for which he seeks to hold Defendants liable, such physical injuries and/or emotional distress was proximately caused or contributed to by factors other than actions of Defendants or anyone acting on Defendants' behalf and are compensable only under a claim for workers' compensation benefits.

**TENTH DEFENSE**

To the extent it may later be determined that any person committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were committed without the knowledge of Defendants and without Defendants' authorization, ratification, or notification, and to the extent that such persons were Defendants' employees, such acts were outside the scope of any employee's duties with Defendants. Accordingly, the Defendants are not liable under the doctrine of respondeat superior or otherwise for the alleged unlawful acts and conduct of any such persons.

**ELEVENTH DEFENSE**

Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendants or to otherwise avoid harm.

**TWELFTH DEFENSE**

Plaintiff's remedies are barred to the extent that he has mitigated, or failed to mitigate, his alleged damages. Alternatively, if Plaintiff did mitigate his alleges damages, Defendants are entitled to an offset, in the amount that Plaintiff received or earned, against any damages allegedly due to him.

**THIRTEENTH DEFENSE**

If Plaintiff is to be entitled to any recovery, any award to Plaintiff must be offset by all sums received by Plaintiff from any source, including but not limited to, private insurance, state disability insurance, no-fault insurance, Social Security disability payments, workers compensation payments, and/or other monies and/or benefits Plaintiff may have received or will receive.

**FOURTEENTH DEFENSE**

Defendants did not engage in any intentional wrongdoing, depart from any prescribed or known standard of action, or engage in any willful, wanton, reckless or egregious conduct or conscious disregard of the rights of others. Therefore, there is no basis for an award of exemplary or punitive damages.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to injunctive or affirmative relief.

**SIXTEENTH DEFENSE**

Any alleged discrimination or related conduct did not rise to the level of what a reasonable victim of discrimination with the same protected characteristic would consider petty slights or trivial inconveniences.

**SEVENTEENTH DEFENSE**

Plaintiff has failed to allege a proper basis to assert individual liability against Woodruff and Kinser.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional defenses as such become known to Defendants during the course of this action.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount

whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper

Dated:  July 25, 2025

*/s/ Melissa Friedland*
Melissa Friedland
mfriedland@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Telephone:    212.583.9600
Facsimile:    212.832.2719

Attorneys for
JILI Property Management LLC, Ryan Kinser and Donald Woodruff